IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

GLORIA J. HARRIS,

    Plaintiff,

v.                              Civil Action No. 4:14cv56

UNITED STATES OF AMERICA AND,
FREEDOM MORTGAGE CORPORATION,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Freedom Mortgage Corporation's ("Freedom") Motion to Dismiss Complaint, Doc. 3, Defendant United States of America's ("USA") Motion to Dismiss, Doc. 18, and USA's Motion to Strike Jury Demand, Doc. 20. Freedom seeks its dismissal under Rule 12(b)(6) while USA asserts two grounds for dismissal, Rule 12(b)(1) and Rule 12(b)(6). See Docs. 3 & 18.

After considering the instant Motions as well as the supporting and opposing memoranda, the Court **DENIES** Freedom's Motion to Dismiss, **DENIES** USA's Motion to Dismiss, and **GRANTS** USA's Motion to Strike the Jury Demand for the following reasons.

### I.    BACKGROUND

This case centers on Freedom's January 31, 2012 foreclosure on the home of Plaintiff Gloria J. Harris ("Plaintiff"). The property in question is located at 207 Kove Drive, Hampton, Virginia 23669 ("the Property"). Doc. 19 at 1.

A.  **Factual Background**[1]

Plaintiff and Freedom entered into a $350,650 note payable on June 18, 2009. Am. Compl. ¶ 7. The Note included an acceleration clause requiring "at least 30 days" notice. Id. at ¶ 9. The note was secured by a deed of trust against the Property. Id. at ¶ 7. Among many other provisions, the Deed of Trust signed by these parties required that prior to any acceleration of Plaintiff's loan, Freedom must provide notice of:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [Plaintiff], by which the default must be cured; and (d) that the failure to cure the default on or before the date specified in the notice may result in acceleration . . . [and (e)] the right to bring a court action to assert the non-existence of a default or any other defense.

Id. at ¶ 10. The Department of Veterans Affairs ("VA"), represented in this case by USA, agreed to financially back the note. Id. at ¶ 24.

The parties agree that Plaintiff did not make payments for the months of November and December of 2010, but appear at odds regarding the October 2010 payment. Compare id. at ¶ 16, with Doc. 19 at 4. In response to Plaintiff's missed payments, Freedom sent notice of loan acceleration via certified mail on December 9, 2010 ("Notice Letter"). Am. Compl. ¶¶ 13–14. Although Plaintiff does not remember receiving the Notice Letter, she admits that "it is possible that she did." Id. at ¶ 15. The remainder of Plaintiff's claims against Freedom are based upon alleged faults in the Notice Letter and not a total failure to send notice; therefore, the Court must conclude, for the purposes of this Order only, that the Notice Letter was received by Plaintiff.

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant motions. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

The Notice Letter, attached to Plaintiff's Amended Complaint as Exhibit C, notified Plaintiff of her recently missed payments and advised her that she had until January 8, 2011 before her loan was accelerated and the foreclosure process begun. Id. at Ex. C.

The Notice provided to Plaintiff also indicated that "[i]f another monthly payment becomes due . . . you will need to add this payment amount . . . in order to reinstate this loan." Id. Finally, the Notice indicated that due to the fluctuating nature of interest payments, the amount listed in the Notice "may not accurately reflect the debt owed" and provided a contact number to use if Plaintiff had any inquiry about "payment amounts." Id.

When Plaintiff failed to make the requested payment, Freedom proceeded towards foreclosure of the Property. Id. at ¶¶ 18–19. A foreclosure sale was conducted on January 31, 2012 and Freedom placed the highest bid. Id. at ¶ 22. Acting as the backer of Plaintiff's loan, the VA paid a "substantial sum" to Freedom in exchange for the rights to the Property acquired at the sale. Id. at ¶ 24. Transfer of the Property to the VA occurred on April 9, 2012. Id. at ¶ 27.

After the sale, Freedom reported the foreclosure to credit bureaus, resulting in damage to Plaintiff's credit rating. Id. at ¶ 33. The VA proceeded against Plaintiff's possession of the Property in Virginia courts, ultimately prevailing when Plaintiff's appeal was denied by the Virginia Supreme Court on April 11, 2014. Id. at ¶¶ 34–37. A sheriff's eviction was scheduled to occur on May 22, 2014, but was cancelled upon the filing of the instant action. Id. at ¶ 39.

**B.      Procedural History**

On May 15, 2014, Plaintiff filed her Complaint against Freedom and USA. Doc. 1. Freedom filed its Motion to Dismiss on June 11, 2014. Plaintiff filed a Motion for Leave to File an Amended Complaint on July 14, 2014. Doc. 11. Leave was granted on July 30, 2014 by Order of United States Magistrate Judge Douglas E. Miller, specifically stating that Freedom's

Motion to Dismiss would be deemed responsive to Plaintiff's Amended Complaint. Doc. 14. Plaintiff filed her Amended Complaint on August 8, 2014. Am. Compl., Doc. 17. Plaintiff requested a trial by jury. Id. at ¶ 47.

USA filed both its Motion to Dismiss and its Motion to Strike Jury Demand on August 21, 2014. Docs. 18 & 20. Plaintiff filed her response to USA's Motion to Strike Jury Demand on September 4, 2014, indicating that she intended to seek a jury trial only in her claims against Freedom. Doc. 23.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for dismissal on the ground that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss on this basis should be granted if the complaint does not allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's "factual 'allegations must be enough to raise a right to relief above the speculative level,' thereby nudging [her] 'claims across the line from conceivable to plausible.'" Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 555).

To make this determination, the district court must construe the alleged "facts in the light most favorable to the plaintiff and draw all reasonable inferences in [her] favor." U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotation marks and citations omitted). If necessary, the court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Furthermore, the district

court is "not confined to the four corners of the complaint." Oberg, 745 F.3d at 136. It can "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."[2] Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

## B. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

A defendant may move for dismissal of a claim under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the federal court lacks subject matter jurisdiction to decide the case. Fed. R. Civ. P. 12(b)(1). Federal district courts possess a limited jurisdiction, therefore, the plaintiff, as the party invoking the court's jurisdiction, bears the burden of proving the existence of subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The pleadings are merely evidence on the issue of subject matter jurisdiction, and the courts may consider other evidence without converting the motion to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). At the same time, federal "district courts 'should apply the standard applicable to a motion for summary judgment'" and grant the motion "[o]nly when 'the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 566–67 (E.D. Va. 2009) (quoting Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768).

---

[2] The Court has considered the Notice Letter of December 9, 2010 in issuing this Order because it is both integral, if not indispensable, to Plaintiff's allegations and its authenticity has not been placed in doubt.

## III. DISCUSSION

### A. Freedom's Motion to Dismiss

Freedom argues that Plaintiff's breach of contract claim should be dismissed under Rule 12(b)(6) because the Notice sent to Plaintiff on December 9, 2010, "complied with the requirements under the Note and Deed of Trust. Doc. 4 at 5. Additionally, Freedom argues that Plaintiff's claim fails because Plaintiff did not "adequately plead the existence of an 'injury or damage . . . caused by the breach of obligation.'" Id. (quoting Mayo v. Wells Fargo Bank, N.A., No. 4:13cv163, 2014 WL 1493190, at *3 (E.D. Va. Apr. 11, 2014)).

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004) (citing Brown v. Harms, 467 S.E.2d 805, 807 (Va. 1996); Fried v. Smith, 421 S.E.2d 437, 439 (Va. 1992); Westminster Investing Corp. v. Lamps Unlimited, Inc., 379 S.E.2d 316, 317 (Va. 1989)). Freedom asserts that Plaintiff has not stated a proper claim upon which relief can be granted regarding the second and third elements.

*1. Freedom's Claim that Plaintiff Failed to Adequately Plead a Breach*

Freedom argues that "Plaintiff fails to allege that she received no notice," and highlights that Plaintiff contends that she was never sent "a proper 30-day notice." Doc. 4 at 4. Freedom asserts that Plaintiff has not properly pleaded a breach by failing to plead that the content of the Notice Letter was insufficient to satisfy the requirements listed in Paragraph 22 of the Deed of Trust. Construing the facts in the light most favorable to the Plaintiff, see Oberg, 745 F.3d at 136, the Court **FINDS** that Plaintiff has stated a plausible claim that Freedom breached its obligations under both the Note and the Deed of Trust.

The Court sees sufficient allegations within the Amended Complaint to support a plausible claim of breach. For example, Plaintiff alleges that the Notice Letter improperly exaggerated the amount of arrearages on Plaintiff's loan by one-third. Am. Compl. ¶ 16. Specifically, Plaintiff alleges that she made her mortgage payment for October 2010 and that Freedom failed to reflect that payment in its Notice Letter. Id.

Plaintiff alleges that this one-third misstatement constituted a breach of the Deed of Trust since the Deed specifically required Freedom's Notice of Acceleration to include "the default" and "the action required to cure the default." See id. at ¶ 10. Accordingly, the Court **FINDS** that this factual allegation of a breach is "enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555.

### 2. *Freedom's Claim that Plaintiff Failed to Adequately Plead an Injury*

Construing the facts in the light most favorable to the Plaintiff, see Oberg, 745 F.3d at 136, the Court **FINDS** that Plaintiff has stated a plausible claim that Freedom's alleged breach caused injury or damage to the Plaintiff. Freedom argues in support of its Motion that Plaintiff did not plausibly allege any injury because she failed to plead that, even if the Notice had been proper, she would have been able to cure the deficit in the loan. See Doc. 4 at 5.

This argument was well taken; so much so that it was addressed in detail by Plaintiff's subsequently filed Amended Complaint. Therein, Plaintiff now alleges that if she had received "a proper 30-day cure notice . . . [indicating] that she was required to make two months' payments by January 8, 2011 to cure a two-month arrearage . . . she would have found a way to make such a payment to avoid acceleration and foreclosure." Am. Compl. ¶ 17. Accordingly, the Court **FINDS** that Plaintiff's amended factual allegations plead a sufficiently plausible claim of injury. See Twombly, 550 U.S. at 555.

B. **USA's Motion to Dismiss**

USA has moved to dismiss Plaintiff's Amended Complaint on two grounds. First, USA argues for dismissal based upon a lack of subject matter jurisdiction due to the protections of sovereign immunity. Second, USA argues that even if this Court finds sovereign immunity to be waived, the case should still be dismissed under Rule 12(b)(6) due to Plaintiff's failure to state a claim upon which relief can be granted.

*1. USA's Claim to Sovereign Immunity*

USA first presents a threshold jurisdictional argument that it is protected by sovereign immunity. Undoubtedly, if USA has not waived its sovereign immunity over a case, then the district court lacks subject matter jurisdiction, and a dismissal under Rule 12(b)(1) would be entirely proper. See United States v. Mitchell, 445 U.S. 535, 538 (1980). Furthermore, any "waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Id. (quoting United States v. King, 395 U.S. 1, 4 (1969)).

Plaintiff asserts that sovereign immunity has been waived in this case under the Quiet Title Act. See Doc. 22 at 6–7 (citing 28 U.S.C. § 2409a). For sovereign immunity to be waived under this law, Plaintiff must show that both she and USA claim a "right, title, or interest" in the Property. Id.; see also Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768; Doc. 19 at 9. The first element, USA's claim, is clearly met by the undisputed facts of the case. See, e.g., Doc. 19 at 2 n.3.

Regarding the second element, however, USA argues that because Plaintiff seeks rescission of the foreclosure sale, she is admitting that she does not currently have legal title in the Property. See Doc. 19 at 8–10. The Quiet Title Act, however, merely requires the Plaintiff to "set forth with particularity the nature of the right, title, or interest which [she] claims." 28

8

U.S.C. § 2409a(d) (emphasis added). Contrary to USA's assertion, the Quiet Title Act does not require Plaintiff to plead current legal ownership. See id.

In her Second Amended Complaint, Plaintiff repeatedly pleads her claim of a right to have legal title of the Property returned to her. See, e.g., Am. Compl. ¶ 42–43. Additionally, Plaintiff sets forth with particularity the facts leading up to her allegedly wrongful loss of legal title to the Property. Id. at ¶¶ 16–24. The Court **FINDS** that Plaintiff's claims of right, title, or interest are sufficient to constitute a valid waiver of USA's sovereign immunity under the Quiet Title Act.

### 2. *USA's Motion to Dismiss Under Rule 12(b)(6)*

Alternatively, USA argues Plaintiff has not pleaded sufficient facts to amount to the "weighty reasons" necessary to set aside a valid foreclosure sale in Virginia. Doc. 19 at 13 (citing Squire v. Va. Hous. Dev. Auth., 758 S.E.2d 55, 61–62 (Va. 1988)). On the contrary, however, construing the facts in the light most favorable to the Plaintiff, see Oberg, 745 F.3d at 136, the Court **FINDS** that Plaintiff has stated a plausible claim for setting aside the foreclosure sale based upon the alleged breach of the Deed of Trust.

"Whether rescission is a proper remedy is within the sound discretion of the trial court." Squire v. Virginia Hous. Dev. Auth., 758 S.E.2d 55, 61 (Va. 2014). At the same time, the Virginia Supreme Court recognizes "the well-settled rule that 'a trustee in a deed of trust can only do with the trust property what the deed . . . authorizes him to do. In other words, [he is] limited and defined by the instrument under which he acts.'" Fairfax Cnty. Redevelopment & Hous. Auth. v. Riekse, 707 S.E.2d 826, 829 (Va. 2011) (quoting Schmidt & Wilson, Inc. v. Carneal, 180 S.E. 325, 326 (1935)). Accordingly, where a deed of trust authorizes its trustee to sell the property after the occurrence of a condition precedent, and that condition does not occur, "the

9

sale may be set aside." Wills v. Chesapeake W. Ry. Co., 16 S.E.2d 649, 652 (Va. 1941). The fact that a sale was "made in violation of the terms of the [deed of] trust . . . [is] sufficient to justify the court in setting the sale aside." Wasserman v. Metzger, 54 S.E. 893, 895 (Va. 1906).

Here, the Note and Deed of Trust contained the conditions precedent that notice of acceleration be provided at least thirty days in advance and that it must include several specific facts. Am. Compl. ¶¶ 9–10. As discussed above, Plaintiff has alleged a plausible claim that Freedom breached its Deed of Trust in her allegation that the Notice of Acceleration misstated the amount owed by one-third. Under Virginia precedent, the trial court maintains discretion to rescind a sale predicated on the violation of a deed of trust. See Wills, 16 S.E.2d at 652. Therefore, the Court **FINDS** that Plaintiff's factual allegations of a breach of the Deed of Trust raise the possibility of a right to rescission of the sale "above the speculative level." See Twombly, 550 U.S. at 555.

### C. USA's Motion to Strike Jury Demand

In the Amended Complaint, Plaintiff indicated that she "seeks trial by jury." Am. Compl. ¶ 47. Plaintiff did not specify whether this jury demand applied to one or both of her claims against Defendants. See id. USA filed a motion arguing that the Court should strike Plaintiff's jury demand as to USA under Federal Rule of Civil Procedure 39(a)(2) because the Quiet Title Act, the source of this Court's jurisdiction over this case, specifically forbids trial by jury against USA in this instance. See Doc. 20 at 3.

In her response, Plaintiff agreed that a jury trial against USA is prohibited in cases brought under the Quiet Title Act and clarified that her jury demand applies only to her claims against Freedom. See Doc. 23 at 1. The Court agrees with the parties on this issue and **FINDS**

that Plaintiff has no federal right to a trial by jury against USA in this case. See Fed. R. Civ. P. 39(a)(2).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Freedom's Motion to Dismiss, Doc. 3, **DENIES** USA's Motion to Dismiss, Doc. 18, and **GRANTS** USA's Motion to Strike the Jury Demand as to Plaintiff's claims against it, Doc. 20.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: October 16, 2014